Findings and judgment may be prepared to that effect, with costs to defendants, not exceeding, however, the sum of $40 and taxable disbursements.

Ordered accordingly.

---

PHILIP TOOLE, Plaintiff, *v.* ONEIDA COUNTY, Defendant.

(Supreme Court, Oneida Special Term, July, 1898.)

**Voluntary payment of taxes on property purchased with pension money — Taxable margin.**

A voluntary payment of taxes cannot be recovered upon the ground that the property taxed was purchased with pension money where the evidence clearly indicates that, over and above such moneys, there was a margin which was taxable.

ACTION to have declared void an assessment upon plaintiff's lands and to recover back the taxes paid upon said assessments, upon the ground that said premises were purchased with pension moneys.

George C. Carter, for plaintiff.

J. K. O'Connor, for defendant.

HISCOCK, J. This action is brought by plaintiff to have declared void the assessment made upon twenty-four acres of land owned by him during each of the years 1891 to 1895, inclusive, at a valuation of $550, and upon a house and lot owned by him during the years 1893 and 1894, at a valuation of $600, and to recover back the taxes paid upon said assessments aggregating in the neighborhood of $25. Upon the trial plaintiff's counsel withdrew that part of his prayer for relief which asked to have the assessments declared null and void leaving the action to stand simply for the recovery of said taxes.

The ground upon which plaintiff asks this relief is that the premises in question were purchased with pension moneys. No other fault, irregularity or lack of jurisdiction is alleged against the assessments in question than the one just mentioned. So far as appears, plaintiff never appeared before the board of assessors, or in any manner took occasion to protest against or have corrected the assessments in question and there is no evidence whatever to show that his payment of taxes was anything but voluntary.

It seems to be clearly established that plaintiff did invest in each of the pieces of land some pension money, but the evidence not only does not indicate that there was not any margin of value in the land over and above the pension moneys so invested, but on the other hand it is quite clear that there was such margin.

Under these circumstances and in accordance with the decisions cited in Ernenwein v. Oneida County, ante, p. 216, it seems that plaintiff must fail.

Judgment is, therefore, ordered for the defendant, with costs.

Judgment for defendant, with costs.